[Civ. No. 3341.   Second Appellate District, Division One.—September 23, 1920.]

IRL  E.  HINRICHSEN, Respondent, v.  IMPERIAL WATER COMPANY No. 1 et al., Defendants; L. F. FARNSWORTH, Appellant.

[1] PLEDGE — WATER STOCK — MANNER OF SALE — EFFECT OF TRUST DEED.—Where real property and shares of stock in a water company were conveyed to trustees to secure the payment of a promissory note and the· deed of trust provided that upon default the trustee should sell the premises in the manner described in the deed, by first publishing notice of the time and place of sale at least once a week for four weeks in some newspaper published in the county, a sale of the water stock under such published notice was valid, and notice of the sale thereof was not required to be given as provided by section 3005 of the Civil Code and section 692 of the Code of Civil Procedure, relating to sales of pledged property.

APPEAL from a judgment of the Superior Court of Imperial County.  Franklin J. Cole, Judge.  Affirmed.

The facts are stated in the opinion of the court.

E. R. Simon for Appellant.

Hickcox & Crenshaw and Frederick J. Trude for Respondent.

CONREY, P. J.—This is an action brought by the plaintiff to compel the transfer to him, on the books of defendant corporation, of 160 shares of its capital stock.  The defendant Farnsworth filed with his answer a cross-complaint, alleging that the plaintiff converted the stock to his use, to Farnsworth's damage in the sum of $4,800.  Judgment was entered in favor of the plaintiff, and Farnsworth appeals therefrom.

On the first day of June, 1910, L. F. Farnsworth and R. H. Benton executed to A. A. Cox their note in the sum of $12,600, due on or before January 1, 1916, secured by a trust deed of that date conveying to the trustee certain described real property in the county of Imperial, together with said 160 shares of capital stock of Imperial Water

Company No. 1. It was provided therein that upon default in payment of the debt the trustee "shall sell the above granted premises, or such part thereof as in his discretion he shall find it necessary to sell," in the manner described in the deed, namely: by first publishing notice of the time and place of such sale, with a description of the property to be sold, at least once a week for four weeks in some newspaper published in said county of Imperial. On May 29, 1918, Cox transferred to Hinrichsen said promissory note, together with the security. Default having been made in the payment of the note, the trustee, on request of Hinrichsen, advertised the property in the manner described in the trust deed for sale on the sixteenth day of July, 1918. At that time the trustee offered for sale to the highest bidder all of the property described in the deed, including said 160 shares of capital stock. At the time of execution of the trust deed Farnsworth and Benton had caused the water stock to be issued to Cox, pledgee of Farnsworth and Benton, and had delivered said water stock to Cox without the indorsement of said pledgors. At the time appointed for the sale and when the property was offered for sale, both Farnsworth and one Wallace Merchant were present. This occurred pursuant to an agreement in writing theretofore made between the two men last named which referred to the proposed sale of land and water stock, and wherein Merchant agreed to bid for the property the sum of $30,000, and further agreements were made with respect to the terms on which Merchant should hold the title, if Merchant became purchaser at such sale. Merchant did bid the sum of $30,-000, but the property was sold to Hinrichsen by reason of the fact that Hinrichsen bid the higher sum of $30,350. After the sale and on the same day, the defendant Farnsworth directed the trustee to pay out of the purchase money received from the sale several sums of money and said sums were by virtue of such order paid out by the trustee, thereby exhausting the entire proceeds of the sale over and above the sum of approximately $20,000 owing to Hinrichsen.

[1] Notwithstanding the facts above stated, appellant Farnsworth claims that the sale of the water stock was void because the only notice of sale given by the trustee did not include a notice given by posting written notice of the time and place of sale in three public places in the township or

city where the same was to be made; in other words, that the notice of sale was not the kind of notice required to be given upon sale of personal property under execution, as provided by Civil Code, section 3005, and section 692 of the Code of Civil Procedure; and that the indebtedness to Hinrichsen having been satisfied by virtue of the sale (which is admitted to have been valid with respect to the real property described in the trust deed), the shares of stock became the property of Farnsworth, free from any claim of Hinrichsen.

It is true that the trust deed did not in terms and by special or separate reference to the shares of stock provide for the manner of sale thereof, but it did grant and convey the land and the shares of stock to the trustee; authorized the trustee to pay all taxes, assessments, and liens "upon said premises," and "all assessments against said shares of capital stock which may in their judgment affect said real or personal property or these trusts," and provided that in case of default in payment when due of any of the indebtedness covered by the instrument, the trustee, on application of the creditor, "shall sell the above granted premises, or such part thereof as in his discretion he shall find it necessary to sell in order to accomplish the object of these trusts," and that such sale should be made in the manner described in the trust deed. We are of the opinion that this instrument, taken as a whole and considered in the light of the purposes for which it was made, intended that the manner of sale and the notice of sale set forth in the trust deed should apply to the shares of stock as well as to the land described in the deed. So construed, the terms of the deed as agreed to by Farnsworth in executing the same constituted a waiver of compliance with the statutory method of sale of pledged personal property. This being so, the sale carried to the purchaser full right and title to the shares of stock, and the plaintiff is entitled to have the same transferred to him on the books of the corporation. It is conceded that Hinrichsen presented the certificate of stock to the secretary of the water company, together with the trustee's deed, and duly made demand for such transfer, which was refused.

We further agree with the suggestion made by respondent that if by reason of the claimed failure to give notice as re-

quired by the statute in case of sales of pledged property, the sale was not legally made, nevertheless, appellant by his acts, which we have briefly described, ratified the sale and should not now be heard to question its validity. To meet this contention of the respondent, appellant insists that ratification of the sale cannot be claimed against him, because such ratification was not pleaded by respondent in his answer to the cross-complaint; and because at the time of such alleged ratification Farnsworth did not know of the material facts relative to the sale—that is to say, did not know what the law was with regard to the sale of pledged property, or what steps a pledgee must take in order legally to sell pledged property, or that the statutory notices had not been posted. Under the circumstances of this case, we think that such pleading on the part of the plaintiff was not necessary. Defendant Farnsworth answered, apart from his cross-complaint, affirmatively alleging that he was the owner of the water stock and entitled to possession of the certificate therefor. In his cross-complaint he again alleged that he was then and there the owner of said certificate and shares of stock, which allegation was denied by the answer to cross-complaint. This was sufficient to entitle the plaintiff to introduce any evidence showing that the title and right of possession of the property at the time in question was vested in himself. (*Summerville* v. *Stockton Milling Co.,* 142 Cal. 529, 548, [76 Pac. 243].)

There is no evidence that the sale of the land alone would have brought a sum sufficient to have paid the indebtedness to Hinrichsen, even if we exclude from consideration the fact that a large additional sum, paid out to the trustee by Hinrichsen as purchaser, was in effect paid over to Farnsworth after the sale, and on his order, to his other creditors; nevertheless, without tendering to the plaintiff any sum whatever, he seeks to have returned to him a valuable part of the property which was included in the trustee's sale. The injustice of appellant's claim is clear on the face of the record.

The judgment is affirmed.

Shaw, J., and James, J., concurred.